UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL MELITO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-240** |
| **DAVID HOPKINS, COMPLETE CLAIM MANAGEMENT INC., AND CCI BILLING, INC.** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion for Partial Dismissal Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). R. Doc. 14. The motion is opposed. R. Doc. 24. Having considered the parties' briefs and the applicable law, the Court now rules as follows.

**I.   BACKGROUND**

This case arises out of an alleged breach of contract between Plaintiff Michael Melito ("Plaintiff") and Defendants David Hopkins, Complete Claim Management, Inc., and CCI Billing, Inc. (collectively, "Defendants"). R. Doc. 1-1 at 2. Plaintiff, a resident of Louisiana, alleges that he entered into a Regional Manager Agreement ("the Agreement") with Defendants, foreign domiciliaries authorized to do business in Louisiana, on March 31, 2017 for him to provide certain sales and billing services to Defendants. R. Doc. 1-1 at 2. According to the terms of the contract, Plaintiff contends that he was the regional manager for Louisiana, Mississippi, and Alabama. R. Doc. 1-1 at 3. The Agreement included a non-compete clause that was effective for one year from Plaintiff's termination from his employment for any reason. R. Doc. 1-1 at 3. However, because the non-compete clause was not limited in geographic scope to a specific parish or municipality, Plaintiff argues that the clause was null-and-void. R. Doc. 1-1 at 3. Plaintiff alleges that he terminated his contract with Defendants on October 14, 2019 and Defendants sent correspondence

1

to Plaintiff on November 8, 2019 seeking to enforce the non-compete clause. R. Doc. 1-1 at 4. Plaintiff also contends that Defendants unilaterally altered Plaintiff's commissions, in violation of the contract, and failed to pay Plaintiff the wages he is owed. R. Doc. 1-1 at 4. Plaintiff thus asserts that he is entitled to damages for breach of contract, as well as all unpaid commissions plus penalties and attorneys' fees. R. Doc. 1-1 at 4. Plaintiff filed suit in the District Court for the Parish of St. Tammany, R. Doc. 1-1 at 2, and Defendants timely removed this case to federal district court under diversity jurisdiction, R. Doc. 4 at 4.

Defendants filed their Answer, Defenses, and Counter-Claim to Plaintiff's Petition for Damages, denying Plaintiff's allegations and asserting various affirmative defenses and counter-claims. R. Docs. 7, 8. As a preliminary matter, Defendants argue that Plaintiff has no cause of action against David Hopkins or Complete Claim Management, Inc. because neither one of them were parties to the Agreement at issue in this case. R. Doc. 7 at 1–2. Defendants also contend that pursuant to the Agreement, the parties are subject to binding arbitration. R. Doc. 7 at 3. Defendants aver that Plaintiff should not be allowed to recover damages because he engaged in actions that breached his duty of loyalty and fiduciary duty, he breached his duties while subject to the Agreement, he failed to perform his duties in good faith, and/or he failed to mitigate his damages. R. Doc. 7 at 1–4. Defendants also assert the following counter-claims against Plaintiff: (1) breach of duty of loyalty and fiduciary duty; (2) failure to perform duties in good faith; (3) knowingly or recklessly making false or misleading statements and representations in communications with actual or prospective clients of Defendants; (4) wrongfully inducing clients to do business with Defendants' competitors; (5) employing unfair methods of competition and engaging in unfair or deceptive practices; and/or (6) knowingly employing methods or practices prohibited by the Louisiana Unfair Trade Practices Act ("LUTPA"). R. Doc. 8 at 1–2. Defendants contend that

Plaintiffs actions resulted in damages and losses that they now seek recover, in addition to attorneys' fees and treble damages under LUTPA. R. Doc. 8 at 3. Defendants also reserve their right to move to compel arbitration with Plaintiff. R. Doc. 8 at 3.

## II.     PENDING MOTION

Plaintiff now files a Motion for Partial Dismissal. R. Doc. 14 at 1. Specifically, Plaintiff seeks to dismissal Defendants' claims under LUTPA and "claims for fraud and breach of certain business duties, including the duty of loyalty, duty to act in good faith, and breach of fiduciary duty." R. Doc. 14 at 1. Plaintiff contends that because Defendants do not allege that Plaintiff was ever an officer or director of CCI Billing, they cannot assert a claim for breach of duties that an officer or director owes to a corporation. R. Doc. 14 at 1. Moreover, Plaintiff argues that Defendants cannot bring claims under LUTPA because Plaintiff was neither a "consumer" nor a "business competitor" as contemplated under the statute. R. Doc. 14 at 1. Finally, Plaintiff asserts that Defendants failed to plead sufficient facts as required by Federal Rule of Civil Procedure 9(b) to sustain a claim of fraud under LUTPA and that Defendants have failed to state a claim for treble damages under LUTPA. R. Docs. 14 at 1, 14-1 at 3. Plaintiff thus seeks a dismissal of Defendants' counter-claims for breach of the duty of loyalty, breach of the duty of good faith, breach of fiduciary duty, and violation of LUTPA.

In opposition, Defendants argue that their Counterclaim against Plaintiff contains "sufficient factual allegations such that Rule 12(b)(6) dismissal is inappropriate." R. Doc. 24 at 5. Specifically, Defendants aver that the Counterclaim sets forth facts in sufficient detail to put Plaintiff on notice of the basis for the claims asserted against him. R. Doc. 24 at 5. First, Defendants contend that Plaintiff owed Defendants a duty of loyalty and good faith under Louisiana law and pursuant to the terms of the Agreement, which Plaintiff allegedly breached. R. Doc. 24 at 6.

Second, Defendants assert that Plaintiff is attempting to undercut Defendants' LUTPA claim "by erroneously imposing the standard for pleading fraud under Federal Rule of Civil Procedure 9(b)" rather than under LUTPA. R. Doc. 24 at 8. Moreover, Defendants highlight the fact that LUTPA encompasses all types of unfair or unethical conduct, and is not limited to just fraud. R. Doc. 24 at 9. Defendants thus argue that they have standing to bring a claim under LUTPA against Plaintiff for various actions, R. Doc. 24 at 10, including making false or misleading statements and representations to clients, wrongfully inducing clients to do business with Defendants' competitors, and employing unfair methods of competition and unfair or deceptive practices, *see* R. Doc. 8 at 1–2. Finally, Defendants contend that Plaintiff's challenge to Defendants' right to recover treble damages under LUTPA is premature at this stage in the litigation. R. Doc. 24 at 13.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations that are "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Particularly, "a plaintiff must plead specific facts, not mere conclusory allegations." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). The complaint must also "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, a court must construe facts in the light most favorable to the nonmoving party, *id.*, and it "must accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)). A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### B. Federal Rule of Civil Procedure 9(b)

Pursuant to Federal Rule of Civil Procedure Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994)) (alterations in original). In other words, "the who, what, when, and where must be laid out." *Id.* at 178. "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997) (citing *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading that calls for a 'short and plain statement of the claim.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). "The particularity demanded by Rule 9(b) is supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring 'enough facts [taken as true] to state a claim to relief that is plausible on its face.' Id. (quoting *Twombly*, 550 U.S. at 570).

### C. LUTPA

Pursuant to LUTPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. Stat. Ann. § 51:1405. Moreover, "any person who suffers any ascertainable loss of money or movable property . . . as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by [LUTPA], may bring an action . . . to recover actual damages." La. Stat. Ann. § 51:1409(A). "If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained." *Id.* For any action commenced under § 51:1409(A):

> [T]he plaintiff's attorney shall mail a copy of the petition to the attorney general, and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general, but failure to conform with this Subsection shall not affect any of plaintiff's rights under this Section.

La. Stat. Ann. § 51:1409(B).

### IV. DISCUSSION

Plaintiff moves for dismissal of certain counterclaims brought by Defendants, namely that: (1) Plaintiff owed Defendants a duty of loyalty and good faith, which Plaintiff breached, R. Doc. 14-1 at 4; and (2) Defendants have a right of action against Plaintiff under LUTPA, R. Doc. 14-1 at 4–5. The Court will consider each of these issues in turn.

#### A. Counterclaim – Breach of Duty of Loyalty and Good Faith

In their Counterclaim, Defendants allege that Plaintiff breached the duty of loyalty and his fiduciary duty, and failed to perform his duties in good faith. R. Doc. 8 at 1. Plaintiff moves to dismiss this counterclaim, arguing that the aforementioned duties are owed by an officer or director of a corporation, but since Plaintiff was neither an officer nor a director of CCI Billing, Inc.,

6

Defendants have failed to state a claim for breach of the duty of loyalty, duty to act in good faith, and breach of fiduciary duties. R. Doc. 14-1 at 4.

Louisiana courts and statutes recognize the duty of loyalty, good faith, and a fiduciary duty in the context of various relationships, not only for officers and directors of corporations. Specifically, Louisiana courts enforce these duties in the context of employers and employees, as "[e]mployees . . . owe a duty of fidelity to their employers" and "[a]n employee is duty bound not to act in antagonism or opposition to the interest of the employer." *Harrison v. CD Consulting, Inc.*, 2005-1087 (La. App. 1 Cir. 5/5/06), 934 So. 2d 166, 170 (citing *ODECO Oil & Gas Co. v. Nunez,* 532 So.2d 453, 462 (La. App. 1 Cir. 1988), *writ denied,* 535 So.2d 745 (La. 1989)). Moreover, "historically, an employee's breach of his fiduciary duty to his employer has been contemplated in instances when an employee has engaged in dishonest behavior or unfair trade practices for the purpose of his own financial or commercial benefit." *Id.* Louisiana law also recognizes a covenant of good faith and fair dealing to be implicit in every contract, *see* La. Civil Code art. 1983, which can be breached by "a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive." *Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (quoting *Bond v. Broadway*, 607 So. 2d 865, 867 (La. Ct. App. 1992), *writ denied,* 612 So. 2d 88 (La. 1993)).

For Defendants to survive a Rule 12(b)(6) motion to dismiss on their Counterclaim involving Plaintiff's alleged breach of the duty of loyalty and good faith and his fiduciary duty, they simply must include enough factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, the Court must construe the facts in the pleadings in the light most favorable to Defendants and must accept as true all of the factual

7

allegations contained in Defendants' Answer and Counterclaim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 572. Based on this standard, the Court cannot conclude that Defendants have failed to plead sufficient facts to support their claim that Plaintiff's actions either constitute a breach of the duty of loyalty and good faith and fiduciary duty. Therefore, the Court declines to dismiss Defendants' Counterclaim on these issues at this early stage in the case, particularly because discovery has barely been underway.

### B. Counterclaim – Violation of LUTPA

In their Counterclaim, Defendants also assert the following claims against Plaintiff: knowingly or recklessly making false or misleading statements and representations in communications with actual or prospective clients of Defendants; wrongfully inducing clients to do business with Defendants' competitors; employing unfair methods of competition and engaging in unfair or deceptive practices; and/or knowingly employing methods or practices prohibited by the Louisiana Unfair Trade Practices Act ("LUTPA"). R. Doc. 8 at 2. Plaintiff moves to dismiss Defendants' counterclaims under LUTPA and its claims for fraud for the following reasons: failing to plead with sufficient particularity under Rule 9(b), R. Doc. 14-1 at 5, not having standing to bring a cause of action under LUTPA because Defendants are neither "consumers" nor "business competitors" pursuant to the statute, R. Doc. 14-1 at 5, and failing to state a claim for treble damages under LUTPA, R. Doc. 14-1 at 4.

Although Plaintiff claims that Defendants have not met the standard for pleading fraud under Federal Rule of Civil Procedure 9(b), it appears that Plaintiff is confusing fraud claims with Defendants' LUTPA claims. LUTPA encompasses all types of unfair or unethical conduct, not just fraud, and Defendants' LUTPA claim is premised on a series of unjust acts that Plaintiff allegedly committed, such as knowingly employing methods or practices to induce CCI Billing's

8

customers to do business with a competitor. R. Doc. 8 at 2. Moreover, it appears that Defendants do have standing to bring a claim under LUTPA because LUTPA provides a cause of action for "any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 4/23/10), 35 So. 3d 1053, 1057. In this case, Defendants allege that while Plaintiff was subject to the Agreement with CCI Billing, he made material misrepresentations to CCI Billing's actual and prospective clients, thereby leading them to cease doing business with CCI Billing and causing CCI Billing to sustain ascertainable losses. R. Doc. 8 at 2. Finally, it appears to the Court that Plaintiff's challenge to Defendants' right to recover treble damages under LUTPA is premature because such damages may not be assessed until the Court makes an appropriate finding and enters a judgment in Defendants' favor, and the proof of notice to the Louisiana Attorney General that is required to recover treble damages is not a prerequisite for stating a claim under the statute. *See* La. Stat. Ann. § 51:1409.

Accepting as true all of Defendants' factual allegations, *see Twombly*, 550 U.S. at 572, the Court concludes that Defendants have pled sufficient factual allegations to survive a Rule 12(b)(6) motion to dismiss on their LUTPA claims. The Court thus declines to dismiss these claims, particularly because parties have not been able to conduct sufficient discovery at this stage in the case.

V.   **CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Michael Melito's Motion for Partial Dismissal, R. Doc. 14, is hereby **DENIED** as premature, reserving the right of the party to re-file at a later date if necessary.

New Orleans, Louisiana, this 6th day of May, 2020.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE